UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| THERESA NELLIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.: 3:19-cv-22 |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

The Plaintiff, Theresa Nellis, by and through the undersigned counsel, Bridget O'Ryan, files this Complaint against The Lincoln National Life Insurance Company ("Lincoln") and as cause therefore states as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. The Court has jurisdiction of this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Theresa Nellis brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132.

2. At all times relevant herein, Theresa Nellis was a resident of Evansville, Indiana and a citizen of the state of Indiana.

3. Defendant Lincoln National Life Insurance Company is an Indiana company doing business in Vanderburgh County, Indiana.

4. Theresa Nellis is insured under a disability policy issued by Lincoln.

5. The policy requires that this case be decided under the laws of Kentucky. The Kentucky Department of Insurance has banned all discretionary clauses from insurance policies because Department has determined that these clauses:

> [U]ndermine the promise to provide benefits as set forth in the policy. If the insurer has unfettered ability to interpret and construe benefits, the insured can never be certain that they will be provided with the benefits as set forth in their policy. Further, there is an inherent conflict of interest when the payer of benefits is also afforded broad discretion to interpret eligibility for benefits. It appears that in the marketplace, these clauses are still used to deny benefits to participants that would otherwise be guaranteed under the terms of the contract.

http://insurance.ky.gov/Documents/discrclausesadvopin2010_01.pdf. Accordingly, the court shall hear this case *de novo*.

6. Pursuant to the disability policy, Lincoln agrees to pay monthly disability benefit payments in the event Ms. Nellis is unable to work due to illness.

7. Venue in the Southern District of Indiana is appropriate by virtue of the disability policy being administered in this District.

## II. FACTUAL ALLEGATIONS

7. Theresa Nellis was employed as a Registered Client Service Associate with HL Financial Services until June 14, 2017, when she was forced to stop working as a result of the debilitating symptoms and treatment for breast cancer including extensive chemotherapy and surgery.

8. Ms. Nellis began noticing serious consequences from the toxic and extensive chemotherapy treatment including memory impairment, amnesia, hyperparathyroidism, persistent hypersomnia, severe fatigue and narcolepsy.

9. When Ms. Nellis was unable to return to work as a result of her multiple medical conditions, she applied for short term disability ("STD") benefits under the Lincoln policy provided through her employer. Lincoln approved Ms. Nellis' application and paid her 12 weeks of short term disability. After Ms. Nellis exhausted her STD benefits she applied for long term disability ("LTD") benefits offered through the HL Financial Services

employee benefit plan, which is insured by Lincoln. On October 27, 2017, Lincoln denied Ms. Nellis' LTD benefits claim.

10. Ms. Nellis appealed Lincoln's decision to deny her LTD benefits on February 12, 2018 and again on August 24, 2018. Lincoln's final denial was dated January 29, 2019.

11. Ms. Nellis has provided significant medical proof of her disability, including statements from her treating physicians who have opined that Ms. Nellis is disabled from returning to work.

12. Despite this proof, Lincoln refuses to pay Ms. Nellis her disability benefits as required under the terms of the policy.

### III. CLAIM FOR RELIEF
### WRONGFUL DENIAL OF EMPLOYEE BENEFITS

13. Paragraphs 1-12 are hereby realleged and incorporated herein by reference.

14. From June 14, 2017, when Theresa Nellis was forced to leave active employment until the present, Ms. Nellis has been unable to perform the essential duties of her regular occupation or any occupation which her training, education or experience will reasonably allow.

15. Ms. Nellis provided Lincoln with ample medical evidence to verify her disability under the Lincoln policy.

16. Lincoln has intentionally and without reasonable justification denied Ms. Nellis her long term disability benefits in violation of the Lincoln disability policy and ERISA.

WHEREFORE, the Plaintiff, Theresa Nellis, requests that this Honorable Court enter Judgment:

A. Finding that Theresa Nellis is entitled to long term disability benefits and ordering the Defendant to pay the past due benefits;

B. Awarding the Plaintiff interest on the amount of back benefits which remain unpaid;

C. Awarding the Plaintiff reasonable reimbursement for attorneys' fees and costs incurred as a result of the Defendant's wrongful denial of benefits; and

D. Awarding all other relief as may be just and appropriate.

                                              Respectfully Submitted,

                                              <u>s/Bridget O'Ryan</u>
                                              Bridget O'Ryan
                                              Attorney for Plaintiff
                                              O'Ryan Law Firm
                                              1901 Broad Ripple Avenue
                                              Indianapolis, IN 46220
                                              (317) 255-1000
                                              Fax: (317) 255-1006
                                              boryan@oryanlawfirm.com